UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FIRST ACCEPTANCE INSURANCE COMPANY, INC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACT. NO. 2:20-cv-554-TFM-C |
| | : | |
| VANDERLISA ROSSER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Pending before the Court is the *Pro Tanto Stipulation of Dismissal*. Doc. 69, filed November 11, 2020. Plaintiff First Acceptance Insurance Company ("First Acceptance") and Defendant Geico Casualty Company ("Geico") request the Court dismiss First Acceptance's claims against Geico. In support of the stipulation, First Acceptance and Geico state Geico does not assert a subrogation claim against First Acceptance, or any of its insureds, for the underlying accident, so Geico does not have an interest in the outcome of this declaratory judgment action. The stipulation is signed by counsel for First Acceptance and Geico. The Court construes the stipulation as a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2).[1]

---

[1] A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2). Fed. R. Civ. P. 41(a)(1)(A) allows for dismissal without a court order: (i) before the opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared. This matter involves multiple parties, and First Acceptance and Geico request the Court dismiss only one (1) of the named defendants, and the joint motion is not signed by all of the served parties. Thus, the Court finds it proper to construe the stipulation as a motion to dismiss Geico pursuant to Fed. R. Civ. P. 41(a)(2). A plaintiff may dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d

Upon consideration of the motion (Doc. 69), it is **ORDERED** it is **GRANTED**, and First Acceptance's claims against Geico are **DISMISSED with prejudice**, with each party to bear their own costs and attorneys' fees.  Geico is **ENJOINED** from any future claims in regard to the insurance policy at issue.

**DONE** and **ORDERED** this 27th day of January 2021.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).