UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

FIRST ACCEPTANCE INSURANCE : 
COMPANY, INC., : 
 : 
    Plaintiff, : 
 : 
v. :    CIVIL ACT. NO. 2:20-cv-554-TFM-C
 : 
VANDERLISA ROSSER, *et al.*, : 
 : 
    Defendants. : 

## MEMORANDUM OPINION AND ORDER

Pending before the Court are multiple motions for default judgment against each of the individual defendants Tramaine Dixson; Shequendolyn Monique Gunn, individually and as the mother and next friend of T.G.; Michael Keels; Harry McCants; Vanderlisa Rosser, individually and as the mother and next friend of J.B. and T.D.; and Tre'Von Wilson, and corporate defendants Air Evac EMS, Inc.; Equian, LLC; Med-Trans Corporation; Paragon Contracting Services, LLC; State Farm Mutual Automobile Insurance Company; and UAB Hospital.  Docs. 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56.  Plaintiff First Acceptance Insurance Company, Inc., requests the Court enter a default judgment against each of the individual and corporate defendants that failed to file a responsive pleading.  *Id.*

## I.    PROCEDURAL BACKGROUND

Plaintiff First Acceptance Insurance Company, Inc. ("Plaintiff") filed its complaint on November 20, 2020, in which it seeks a declaratory judgment as to whether it is contractually obligated to provide defense and liability coverage based on events that arose from a motor vehicle accident.  Doc. 1.  Summonses were issued for all the defendants on November 23 and 24, 2020, and reissued for Michael Keels, Harry McCants, and Tre'Von Wilson on January 11, 2021.  Docs.

2, 4, 30.  The Court will note the date on which each of the individual and corporate defendants against whom Plaintiff has filed motions for default judgment were presumably served by certified mail:

| **Defendant** | **Date Served** | **Docket Entry Number** |
|---|---|---|
| Tramaine Dixson | November 30, 2020 | 9 |
| Shequendolyn Monique Gunn, individually | November 30, 2020 | 19 |
| Shequendolyn Monique Gunn, as the mother and next friend of T.G. | November 30, 2020 | 20 |
| Michael Keels | November 25, 2020, January 13, 2021 | 5, 33 |
| Harry McCants | January 12, 2021 | 31 |
| Vanderlisa Rosser, individually | November 30, 2020 | 8 |
| Vanderlisa Rosser, as the mother and next friend of J.B. | November 30, 2020 | 10 |
| Vanderlisa Rosser, as the mother and next friend of T.D. | November 30, 2020 | 11 |
| Tre'Von Wilson | January 12, 2021 | 32 |
| Air Evac EMS, Inc. ("Air Evac") | November 30, 2020 | 6 |
| Equian, LLC ("Equian") | November 26, 2020 | 16 |
| Med-Trans Corporation ("Med-Trans) | November 30, 2020 | 17 |
| Paragon Contracting Services, LLC ("Paragon") | November 30, 2020 | 13 |
| State Farm Mutual Automobile Insurance Company ("State Farm") | November 30, 2020 | 18 |
| UAB Hospital | November 30, 2020 | 24 |

On April 8, 2021, eighty-five (85) days after the last-served defendant was served, Plaintiff filed its instant motions for default judgment against the above-referenced defendants.  Docs. 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 54, 55, 56.

On April 19, 2021, Harry McCants filed his answer to the complaint.  Doc. 65.  On April 20, 2021, Air Evac and Med-Trans filed their opposition to motions for default judgment, and on April 21, 2021, they filed their Answer and Statement of Claim.  Docs. 66, 73.

## II.   STANDARD OF REVIEW

The Federal Rules of Civil Procedure establish a two-part process for obtaining a default judgment. FED. R. CIV. P. 55. If "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the clerk of court "must enter the party's default." FED. R. CIV. P. 55(a). After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation," the clerk must enter default. FED. R. CIV. P. 55(b)(1). In all other circumstances, "the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). Also, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

The Court of Appeals for the Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (per curiam) (citations and internal quotations omitted). Moreover, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis omitted). Therefore, [Plaintiff] must establish a "prima facie liability case" against the defendants. *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004) (citations omitted).

Also, when assessing default judgment damages, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007). Therefore, when ruling on a motion for default judgment, the Court must determine whether there is a sufficient factual basis in the complaint upon which a judgment may be entered. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

*Gray Cas. & Sur. Co. v. McConnell Contracting, LLC*, Civ. Act. No. 11-0184-KD-N, 2012 U.S.

Dist. LEXIS 48220, at *8-10, 2012 WL 1145186, at *3-4 (S.D. Ala. Apr. 5, 2012).

## III.   DISCUSSION AND ANALYSIS

The Court must first determine whether service was properly effected on each of the

defendants before it addresses the corresponding motions for default judgment against them. The

Court will first discuss service of the individual defendants—adult then the minor defendants—

followed by the corporate defendants. The Court will then address how Fed. R. Civ. P. 4(m) will

be applied to the unserved defendants and whether the Court will address the motions for default

judgment against those properly served defendants at this time.

**A.      Proper Service**

      **1.      Individual Defendants**

The Federal Rules of Civil Procedure state an individual, other than a minor, an

incompetent person, or a person whose waiver has been filed, may be served in a judicial district

of the United States by:

> (1) following state law to serving a summons in an action brought in courts of
> general jurisdiction in the state where the district court is located or where
> service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual
> > personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of
> > abode with someone of suitable age and discretion who resides there;
> > or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by
> > law to receive service of process.

FED. R. CIV. P. 4(e).

      **a.      Adult Defendants**

The certified mail return receipts were properly signed for by Vanderlisa Rosser and

Tre'Von Wilson.  Therefore, the Court will enter default against them.  Docs. 8, 32; FED. R. CIV.

P. 4(e)(2)(A).

The certified mail return receipt for Harry McCants was also properly signed, but he

eventually filed an answer after Plaintiff filed its motion for default judgment against him.  Docs.

31, 48, 65.  The Eleventh Circuit has expressed "a strong policy of determining cases on their

merits" and "view[s] defaults with disfavor." *In re Worldwide Web Sys.*, 328 F. 3d 1291, 1295 (11th Cir. 2003) (citations omitted). Therefore, the Court will construe Harry McCants's answer as an implicit request to extend the time to file his answer to when he filed his answer and will grant his request. Consequently, the request for default against Harry McCants is denied.

The certified mail return receipt for Tramaine Dixson was signed by Vanderlisa Rosser; however, Plaintiff does not certify or allege the address where the certified mail was sent is Mr. Dixson's dwelling or usual place of abode, or Ms. Rosser is an agent who is authorized to receive service of process, and is, therefore, insufficient proof of service. Doc. 9; FED. R. CIV. P. 4(e)(2)(B).

Additionally, in the style of the complaint, Plaintiff describes Tramaine Dixson as deceased, but that fact is not mentioned elsewhere in the complaint. Doc. 1. The summons for Tramaine Dixson was addressed to "Tramaine Dixson c/o Vanderlisa Rosser." Doc. 9. Fed. R. Civ. P. 25 governs the substitution of parties who die. FED. R. CIV. P. 25(a). "If a party dies and the claim is not extinguished, the court may order substitution of the proper party." *Id.* Since the Court is required to interpret the terms of an insurance contract to resolve this declaratory action, it will apply Alabama law to determine whether Tramaine Dixson's possible claims survive.[1] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 118 (1938); *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1259 (11th Cir. 2015). Alabama's survival statute states:

> In all proceedings not of an equitable nature, all claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for

---

[1] In the complaint, Plaintiff states, "Tramaine Dixson was a passenger in the vehicle Tre'Von Wilson was driving at the time of the accident . . . Tramaine Dixson may have a claim against Tre'Von Wilson, Vanderlisa Rosser and Michael Keels." Doc. 1 at 3.

> injuries to the reputation, survive in favor of and against personal representatives; and all personal claims upon which no action has been filed survive against the personal representative of a deceased tort-feasor.

ALA. CODE § 6-5-462. If Tramaine Dixson is deceased, Plaintiff does not certify or allege Vanderlisa Rosser is his personal representative and the proper party to this action, and, therefore, Plaintiff's proof of service of him is insufficient. Doc. 9; ALA. CODE § 6-5-462.

The certified mail return receipt for Shequendolyn Monique Gunn was signed "Covid 19," as well as the receipt for the minor T.G., for whom Ms. Gunn is the mother and next friend, but Plaintiff does not offer further evidence that either Ms. Gunn or her minor child, T.G., were properly served. FED. R. CIV. P. (4)(e)(2); *see also Cunningham v. Matrix Fin. Servs*, Civ. Act. No. 8:20-mc-00065-CJC-JDE, 2021 U.S. Dist. LEXIS 62513, at *10-11, 2021 WL 1156851, at *4-5 (C.D. Calif. Feb. 4, 2021) (finding a certified mail return receipt with "COVID 19" written in the signature block was insufficient proof of service); *cf. Macias v. Grange Ins. Co.*, Civ. Act. No. 2:20-CV-00170, 2020 U.S. Dist. LEXIS 151780, at *6, 2020 WL 4913215, at *2 (W.D. La. Aug. 20, 2020) (finding a certified mail return receipt with "ST 102 C19" written in the signature block was sufficient proof of service because the plaintiffs provided evidence that the code was used by the United States Postal Service ("USPS") instead of a signature because the carriers were not permitted to have direct contact with customers due to the COVID-19 pandemic and submitted an explanation from the Postmaster that the mail piece was delivered to the desired recipient at his listed address). If Plaintiff intends to bolster the certified mail return receipts for Shequendolyn Monique Gunn or her minor child, T.G., with additional evidence to prove that service was proper, the Court will require that evidence to conform with the requirements for proper service found in Fed. R. Civ. P. 4(e).

Plaintiffs filed two (2) certified mail return receipts for Michael Keels. Docs. 5, 33. The

first certified mail return receipt reads "DB 15 C19" in the signature box and includes "M. Keels" in the "Received by (Printed Name)" box. Doc. 5; *see Macias*, 2020 U.S. Dist. LEXIS 151780, at *6, 2020 WL 4913215, at *2 (same explanation from previous citation). The second certified mail return receipt is not signed and the only possible evidence of a signature is illegible and is written in the box that poses the question "Is delivery address different form item 1? If YES, enter delivery address below." Doc. 33. The Court finds the two (2) certified mail return receipts for Michael Keels are insufficient proof of service.

Therefore, Plaintiff has not shown adult defendants Tramaine Dixson; Shequendolyn Monique Gunn, individually and as the mother and next friend of T.G.; and Michael Keels were properly served, and the motions for entry of default against each of them are due to be denied.

### b.    Remaining Minor Defendants

"A minor or an incompetent person in a judicial district of the United States must be served by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made." FED. R. CIV. P. 4(g). J.B. and T.D., the minor children of Vanderlisa Rosser, were served in Alabama and the certified mail return receipts were signed by their mother, which is proper. ALA. R. CIV. P. 4(c)(2) ("Service of process, except service by publication as provided in Rule 4.3, shall be made as follows . . . [u]pon a minor by serving any one of the following: the father, the mother . . . .").

Therefore, Plaintiff has shown J.B. and T.D., the minor children of Vanderlisa Rosser, were properly served, and the motions for entry of default against each of them are due to be granted.[2]

---

[2] However, before the Court considers a motion for default judgment against any minor defendants, the Court will need to appoint a guardian ad litem for them. *See* FED. R. CIV. P. 55(b)(2) ("A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.").

## 2.        Corporate Defendants

The Federal Rules of Civil Procedure state a corporation that is found in a judicial district

of the United States must be served:

> (A) in a manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by
> delivering a copy of the summons and of the complaint to an officer, a managing
> or general agent, or any other agent authorized by appointment or by law to receive
> service of process and-if the agent is one authorized by statute and the statute so
> requires-by also mailing a copy of each to the defendant.

FED. R. CIV. P. 4(h)(1)(A)-(B).

The certified mail return receipts for Air Evac, Equian, Med-Trans, Paragon, State Farm,

and UAB Hospital were returned signed. Docs. 6, 13, 16, 17, 18, 24.  However, Plaintiff does not

affirm, and the record does not support, those who signed the certified mail return receipts were

either "an officer, a managing or general agent, or any other agent authorized by appointment or

by law to receive service of process."  FED. R. CIV. P. 4(h)(1)(B); Docs. 6, 13, 16, 17, 18, 24, 42,

44, 45, 50, 51, 56.

Fed. R. Civ. P. 4(e)(1) also allows a corporation to be served in accord with "state law for

serving a summons in an action brought in courts of general jurisdiction in the state where the

district court is located or where service is made." FED. R. CIV. P. 4(e)(1).  As for the state where

the district court is located—Alabama—under its law, process against a corporation may be served

on "an officer, a partner (other than a limited partner), a managing or general agent, or any agent

authorized by appointment or by law to receive service of process."  ALA. R. CIV. P. 4(c)(6).

Service of Air Evac, Equian, Med-Trans, and State Farm was allegedly effected outside of

Alabama, in Missouri, Kentucky, Missouri, and Illinois, respectively.  Docs. 6, 16, 17, 18.  Plaintiff

has not proven, much less alleged, the person who signed for the certified mail on behalf of either

Air Evac, Equian, Med-Trans, Paragon, State Farm, or UAB Hospital held any of the positions

that are authorized to accept service of process on behalf of a corporation in either Alabama,

Illinois, Kentucky, or Missouri. *See* 735 ILL. COMP. STAT. 5/2-204 (requiring service of a corporation by effected on "its registered agent or any officer or agent of the corporation found anywhere in the State"); KY. R. CIV. P. 4.04(5) (requiring service of a corporation be effected on "an officer or managing agent thereof; or the chief agent in the county wherein the action is brought, or any other agent authorized by appointment or by law to receive service on its behalf"); MO. R. CIV. P. 54.13(b)(3) (requiring service of a corporation be effected on "an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant with the person have change thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process"). Therefore, Plaintiff has not shown corporate defendants Air Evac, Equian, Med-Trans, Paragon, State Farm, and UAB Hospital were properly served, and the motions for entry of default against each of them are due to be denied.[3]

**B.      Fed. R. Civ. P. 4(m)**

The complaint in this case was filed on November 20, 2020. Doc. 1. Fed. R. Civ. P. 4(m) states, "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

Ninety (90) days from the date when the complaint was filed expired on February 18, 2021, and to date neither a waiver of service nor proof of service as to individual defendants Tramaine

---

[3] Furthers, Defendants Air Evac and Med-Trans filed their answers, which renders moot the issue of default against them. Doc. 73.

Dixson; Shequendolyn Monique Gunn, individually and as the mother and next friend of T.G.; and Michael Keels and corporate defendants Air Evac, Equian, Med-Trans, Paragon, State Farm, and UAB Hospital has been filed. *See* FED. R. CIV. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court."). Harry McCants, Air Evac, and Med-Trans filed answers to the complaint after the motions for default judgment were filed against them. Docs. 65, 73. Accordingly, the Court will *sua sponte* extend the time for Plaintiff to serve individual defendants Tramaine Dixson; Shequendolyn Monique Gunn, individually and as the mother and next friend of T.G.; and Michael Keels and corporate defendants Equian, Paragon, State Farm, and UAB Hospital.

## C.    Default Judgment

As for those individual defendants against whom Plaintiff has filed for default judgment and were properly served, Fed. R. Civ. P. 55(a) states "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). "However, upon such entry of default, the Court is under no obligation to enter a default judgment." *Great W. Cas. Ins. Co. v. Burns*, Civ. Act. No. 5:19-cv-00006-TES, 2020 U.S. Dist. LEXIS 226209, at *3-4, 2020 WL 7064743, at *2 (M.D. Ga. Dec. 2, 2020) (citations omitted).

> In *Frow v. De La Vega*, 82 U.S. 552, 554, 21 L. Ed. 60 (1872), the United States Supreme Court held that when there are multiple defendants in an action, "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal." Upon consideration of this rule, courts in the Eleventh Circuit regularly deny motions for default judgments in cases involving multiple defendants, whereby an entry of default judgment against one defendant may result in the entry of inconsistent judgments against the others. *See, e.g.*, *Owners Ins. v. Daniels*, No 7:12-CV-27 (HL), 2012 U.S. Dist. LEXIS 61307, 2012 WL 1565616, at *3 (M.D. Ga. May 2, 2012) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. This is especially true when

an insurer seeks a declaratory judgment that an insurance policy does not trigger a duty to defend or indemnify both the defaulting defendant and the other named defendants who may appear and contest the insurer's allegations.") (internal citations and quotations omitted); *Auto-Owners Ins. v. Envt'l House Wrap, inc.*, No. 3:17-cv-817-J-34PDB, 2018 U.S. Dist. LEXIS 111437, 2018 WL 3244008, at *3 (M.D. Fla. May 14, 2018 (citing cases); *Atrium 5 Ltd. v. Hossain*, No. 6:16-cv-1964-Orl-22TBS, 2017 U.S. Dist. LEXIS 90577, 2017 WL 2562543, at *2-3 (M.D. Fla. May 26, 2017); *Clarendon Am. Ins. v. All Bros. Painting*, No 6:13-cv-934-Orl-3TBS, 2013 U.S. Dist. LEXIS 202913, 2013 WL 12149556 at *4-5 (M.D. Fla. Sept. 12, 2013); *Atlanta Gas Light Co. v. Semaphore Advert., Inc.*, 747 F. Supp. 715, 719 (S.D. Ga. Aug. 16, 1990) ("The purpose behind the *Frow* rule is to promote consistent verdicts.") (citation omitted).

*Burns*, 2020 U.S. Dist. LEXIS 226209, at *4-5, 2020 WL 7064743, at *2.

For those individuals who were properly served and against whom Plaintiff requests a default judgment, the Court will, as stated, enter default against them but deny the motions for default judgment against them, and grant Plaintiff leave to refile its motions, once there has been a determination on the merits against the remaining defendants.  This further serves the goal of judicial economy because any determination of default judgment would require a hearing.[4]

## IV.   CONCLUSION

Accordingly, the Court **ORDERS** as follows:

(1) Individual defendants Vanderlisa Rosser, individually and as the mother and next friend of J.B. and T.D., and Tre'Von Wilson are **DECLARED** to be in **DEFAULT**; however, the

---

[4] Fed. R. Civ. P. 55(b)(1) permits entry of judgment by the clerk without a hearing in cases where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1).  In all other cases, the Court "may conduct hearings" to "conduct an accounting," "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter." FED. R. CIV. P. 55(b)(2)(A)-(D).  Though the language indicates a hearing is not a "*per se*" requirement," Eleventh Circuit precedent indicates that evidentiary hearings "are required in all but limited circumstances." *SEC v. Smythe*, 420 F.3d 1225, 1231-32 n. 13 (11th Cir. 2005); *see also Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746-47 (11th Cir. 2017) (citing Rule and *Smythe*).

motions for default judgment against them (Docs. 43, 47, 49, 53) are **DENIED**, and Plaintiff is granted leave to refile those motions after the trial of the action on the merits against the remaining defendants.

(2) The motions for default judgment against individual defendants Tramaine Dixson; Shequendolyn Monique Gunn, individually and as the mother and next friend of T.G.; Michael Keels; and Harry McCants and corporate defendants Air Evac, Equian, Med-Trans, Paragon, State Farm, and UAB Hospital (Docs. 42, 44, 45, 46, 48, 50, 51, 52, 54, 55, 56) are **DENIED**.

(3) The Court *sua sponte* **EXTENDS** by thirty (30) days from the date of this order the time for Plaintiff to serve individual defendants Tramaine Dixson; Shequendolyn Monique Gunn, individually and as the mother and next friend of T.G.; and Michael Keels and corporate defendants Equian, Paragon, State Farm, and UAB Hospital.

**DONE** and **ORDERED** this 19th day of May 2021.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE