UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FIRST ACCEPTANCE INSURANCE COMPANY, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACT. NO. 2:20-cv-554-TFM-C |
| | : | |
| VANDERLISA ROSSER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Pending before the Court is the *Motion to Appoint Administrator ad Litem for Tremaine Dixson*. Doc. 87, filed June 4, 2021. Plaintiff First Acceptance Insurance Company ("Plaintiff") moves the Court appoint an administrator *ad litem* for Defendant Tremaine Dixson ("Dixson"), pursuant to Ala. Code § 43-2-250. *Id.* In support of the motion, Plaintiff states Dixson died from injuries that he sustained in the motor vehicle accident that is at issue in this matter, an estate was not created for him, and he is a potential interested party in the outcome of this declaratory judgment action because he was involved in the accident. *Id.*

First, the Court notes Plaintiff has not cited authority for this federal court to appoint an administrator *ad litem* pursuant Ala. Code § 43-2-250. *See Powell v. HM Trucking, LLC*, Civ. Act. No. 1:18-cv-958-ECM, 2020 U.S. Dist. LEXIS 24279, at *3, 2020 WL 710615, at *1 (M.D. Ala. Feb. 12, 2020) (denying the plaintiff's request to appoint an administrator *ad litem* and stating the plaintiff did not present legal authority as to why Ala. Code § 43-2-250 would apply in federal court); *Taul ex rel. United States v. Nagel Enters., Inc.*, Civ. Act. No. 2:14-CV-0061-VEH, 2019 U.S. Dist. LEXIS 26669, at *4, 2019 WL 718714, at *2 (N.D. Ala. Feb. 20, 2019) (denying and stating same).

Even if the Court is able to appoint an administrator *ad litem*, Plaintiff has not satisfied the requirements of Ala. Code § 43-2-250, which reads:

> When, in any proceeding in any court, the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or he is interested adversely thereto, it shall be the duty of the court to appoint an administrator ad litem of such estate for the particular proceeding, without bond, whenever the facts rendering such appointment necessary shall appear in the record of such case or shall be made known to the court by the affidavit of any person interested therein.

ALA. CODE § 43-2-250.

The Supreme Court of Alabama has noted the limited application of the statute:

> [T]he strict interpretation of § 43-2-250 admits of two, and only two, circumstances where it is appropriate for a court to appoint an administrator ad litem. The first is when the estate of a deceased person must be represented and there is no executor or administrator of such estate; the second is when the estate of a deceased person must be represented and the executor or administrator is interested adversely to the estate.

*Golden Gate Nat'l Senior Care, LLC v. Roser*, 94 So. 3d 365, 370 (Ala. 2012) (emphasis omitted); *see also Taul*, 2019 U.S. Dist. LEXIS 26669, at *4, 2019 WL 718714, at *2 (quoting same). Section 43-2-250 presupposes an estate was created. *Powell*, 2020 U.S. Dist. LEXIS 24279, at *4, 2020 WL 710615, at *2. In this case, as Plaintiff states in its motion, an estate has not been created for Dixson. Doc. 87 at 1.

Further, since Plaintiff has confirmed Dixson was deceased before the initiation of this action, it is incumbent on the Court to note, under Alabama law, Dixson lacks the capacity to be sued and is not the proper party to this action, which is the personal representative of his estate. *See A.E. v. M.C.*, 100 So. 3d 587, 595 (Ala. 2012) (citations omitted) ("[P]roceedings instituted against an individual who is deceased at the time of the filing of suit are a nullity. Such proceedings are void *ab initio* and do not invoke the jurisdiction of the trial court."); *Powell*, 2020 U.S. Dist. LEXIS 24279, at *4, 2020 WL 710615, at *2; ALA. CODE § 6-5-462 ("In all proceedings not of an

equitable nature, all claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal claims upon which no action has been filed survive against the personal representative of a deceased tort-feasor.").

Therefore, the Motion to Appoint Administrator ad Litem for Tremaine Dixson (Doc. 87) is **DENIED**.[1]

**DONE** and **ORDERED** this 9th day of June 2021.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

[1] "The court strongly recommends that the plaintiff pursue appointment of an administrator *ad litem* with the appropriate Probate Court, or obtain a copy of the decedent's death certificate and proceed with the creation of a probate estate, in the appropriate Probate Court." *Smith v. Schneider Nat'l Carriers, Inc.*, Civ. Act. No. CV-09-J-658-S, 2009 U.S. Dist. LEXIS 141147, at *5, 2009 WL 10703357, at *2 (N.D. Ala. July 15, 2009).