IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FIRST ACCEPTANCE INSURANCE COMPANY, INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACT. NO. 2:20-cv-554-TFM-C |
| VANDERLISA ROSSER, *et al.*, | : : | |
| Defendants. | : | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Plaintiff First Acceptance Insurance Company, Inc.'s Motion for Summary Judgment* and brief in support. Doc. 110, filed October 7, 2021. Plaintiff First Acceptance Insurance Company, Inc., requests the Court enter summary judgment in its favor as to the issue of whether it is required to defend or indemnify Tre'von Wilson or Vanderlisa Rosser for any and all claims that arose out of the automobile accident that occurred on May 30, 2020, in Dallas County, Alabama, because Mr. Wilson was not an "insured" as defined by the policy of insurance at issue in this matter. Doc. 110 at 1. Having considered the motion and the relevant law, the motion is **GRANTED**.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

**A.**    **Factual Background**[1]

On or about May 30, 2020, at or around 6:15 p.m., Tre'von Wilson ("Wilson") drove a 2007 GMC Acadia on U.S. 80 in rural Dallas County, Alabama. In the car with Wilson was T.D.,

---

[1] The Court accepts the facts presented by Plaintiff in its motion for summary judgment since none of the defendants have filed an objection to them.

J.B., Tramaine Dixson, T.G., and Harry McCants. Wilson traveled eastbound and attempted to turn around in the median to travel west on U.S. 80. Michael Keels ("Keels") traveled westbound in a 2005 Ford Excursion when Wilson failed to yield to the right of way. When Wilson turned onto U.S. 80, the front of Keels's vehicle crashed into the passenger side of the vehicle that Wilson drove.

The vehicle that Wilson drove was owned by Vanderlisa Rosser ("Rosser"). Plaintiff First Acceptance Insurance Company, Inc., ("First Acceptance") issued Alabama Personal Auto Policy CSAL 306587 ("the Policy") to Rosser on June 10, 2020, in Selma, Dallas County, Alabama. The policy listed as an insured auto the 2007 GMC Acadia - VIN number 1GKER23797J129458 – that was involved in the May 30, 2020 automobile accident. Wilson, who drove the 2007 GMC Acadia when the May 30, 2020 automobile accident occurred, was not a listed driver on the Policy and, at the time of the automobile accident, was eighteen (18) years old. Wilson's date of birth is November 10, 1999. The Policy was in effect at the time of the May 30, 2020 automobile accident.

The Policy provides liability coverage "for bodily injury or property damage for which any insured becomes legal responsible because of an auto accident," subject to certain terms and conditions. The "Liability Coverage" section of the Policy provides:

> DEFINITIONS (Part A only)
>
> Insured as used in this Part means:
> 1. You, any relative or resident for the ownership, maintenance or use of the insured auto.
> 2. You while operating any non-owned auto with the permission of the owner.
> 3. Any person driving the insured auto with your permission and within the scope of such permission.
>
> Insured does not mean:
> A driver who is not listed on this policy who:
> 1. is under the age of twenty-five (25); or
> 2. resides in the same household as the named insured; or

>   3.  is a regular or frequent operator of any vehicle insured under this policy;

And is involved in an accident which occurs while the automobile is being driven, operated, manipulated, maintained, serviced or used in any other manner by this person. This limitation shall apply whether or not the named insured is occupying the vehicle at the time the said driver is using it in any manner, whatsoever. This limitation shall not apply if this policy is certified as proof of financial responsibility.

Doc. 110-4 at 14.

The Policy provides uninsured motorist coverage:

> PART C – UNINSURED MOTORIST COVERAGE
>
> We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by an insured and caused by an auto accident.
>
> The owner or operator's liability for those damages must arise out of the ownership, maintenance or use of an uninsured motor vehicle.
>
> There is no coverage under this Part C until the limits of liability of all bodily injury liability applicable bonds and policies have been exhausted by payments of judgments or settlements.
>
> Any judgment for damages arising out of a lawsuit brought without our written consent is not binding on us.
>
> DEFINITIONS (Part C Only)
>
> Insured as used in this Part means:
> 1.  You or any relative.
> 2.  Any other person occupying the insured auto.
> 3.  Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies and sustained by a person listed in 1. or 2. above.
>
> Insured does not mean:
> A driver who is not listed on this policy who:
>  1.  Is under the age of twenty-five (25); or
>  2.  resides in the same household as the named insured; or
>  3.  is a regular or frequent operator of any vehicle insured under this policy;

Page 3 of 11

And is involved in an accident which occurs while the automobile is being driven, operated, manipulated, maintained, serviced or used in any other manner by this person. This limitation shall apply whether or not the named insured is occupying the vehicle at the time said driver is using it in any manner, whatsoever.

Doc. 110-4 at 21-22.

The Policy also provides coverage for damages to the "insured auto:"

PART D – COVERAGE FOR DAMAGE TO THE INSURED AUTO

INSURING AGREEMENT
Subject to the Limits of Liability, if you pay a premium for this coverage, we will pay for direct and accidental loss to the insured auto, including its factory-installed equipment, less any applicable deductible shown on the Declarations Page for each separate loss.

We will pay for loss to the insured auto caused by:
1. Collision only if the Declarations indicate that Collision Coverage is provided for that auto.
2. Other than Collision (Comprehensive) only if the Declarations indicate that Other Than Collision (Comprehensive) Coverage is provided for that auto.

The insured auto must be used or operated by or in the care or custody of an authorized driver at the time of the loss, except in the event of theft or larceny.

DEFINITIONS (Part D Only)

Authorized driver means:
1. you
2. any other person listed on the policy application or added by endorsement during the policy term prior to the loss
3. any other person who has your express permission to use the insured auto and who:
    a. holds a valid driver's license at the time of loss; and
    b. is not a regular operator of the insured auto.

Authorized driver does not mean any person with a learner's permit operating an insured auto unless that person is listed on the policy.

Authorized driver does not mean a driver who is not listed on this policy who:
1. is under the age of twenty-five (25); or
2. resides in the same household as the named insured; or
3. is a regular or frequent operator of any vehicle insured under this policy;

>And is involved in an accident which occurs while the automobile is being driven, operated, manipulated, maintained, serviced or used in any other manner by this person. This limitation shall apply whether or not the named insured is occupying the vehicle at the time said driver is using it in any manner, whatsoever.

Doc. 110-4 at 24-25.

**B.    Procedural Background**

Plaintiff First Acceptance Insurance Company, Inc. ("Plaintiff") filed its complaint on November 20, 2020, in which it seeks a declaratory judgment as to whether it is contractually obligated to provide defense and liability coverage based on events that arose from a motor vehicle accident. Doc. 1. Plaintiff brings its declaratory-judgment action against Tramaine Dixson; Shequendolyn Monique Gunn, individually and as the mother and next friend of T.G.; Michael Keels; Harry McCants; Vanderlisa Rosser, individually and as the mother and next friend of J.B. and T.D.; Tre'Von Wilson; Air Evac EMS, Inc. ("Air Evac"); Alabama Medicaid Agency ("AMA"); Baptist Medical Center South ("Baptist Medical Center"); Blue Cross Blue Shield of Alabama ("BCBS"); Children's Hospital; Equian, LLC ("Equian"); GEICO Casualty Company ("GEICO"); Med-Trans Corporation ("Med-Trans"); MRA Revecore; Paragon Contracting Services, LLC ("Paragon"); State Farm Mutual Automobile Insurance Company ("State Farm"); UAB Hospital; and Vaughan Regional Medical Center ("Vaughan Regional"). *Id.*

Harry McCants, Air Evac, AMA, Baptist Medical, GEICO, MRA Revecore, UAB Hospital, and Vaughn Regional filed their separate answers to the complaint. Docs. 21, 23, 25, 34, 35, 62, 65, 73, 101.

Upon Plaintiff's applications for default, the Court found Vanderlisa Rosser, individually and as the mother and next friend of J.B. and T.D., and Tre'von Wilson in default. Docs. 43, 47, 49, 53.

Tremaine Dixson, GEICO, MRA Revecore, State Farm, and UAB Hospital were dismissed from this action either by a motion to dismiss, a stipulation for dismissal that the Court construed as a motion to dismiss, or a notice of voluntary dismissal that the Court construed as a motion to dismiss, all of which the Court granted. Docs. 36, 37, 39, 40, 97, 98, 103, 104, 105, 106.

Air Evac and Med-Trans filed a motion for Air Evac to withdraw its claim for its medical-care expenses and to dismiss them, which the Court granted. Doc. 99, 104.

The remaining defendants in this action are Shequendolyn Monique Gunn, individually and as the mother and next friend of T.G.; Michael Keels; Harry McCants; Vanderlisa Rosser, individually and as the mother and next friend of J.B. and T.D.; Tre'von Wilson; AMA; Baptist Medical Center; BCBS; Children's Hospital; Equian; MRA Revecore; Paragon; and Vaughan Regional.

On October 7, 2021, Plaintiff filed its instant motion for summary judgment for which the Court entered a briefing schedule. Doc. 110. On April 29, 2022, the Court entered an Order in which it noted there are three (3) minor defendants who remain in this action and were not represented by a guardian ad litem. Doc. 112. The Court further noted there are certain defendants who were served, have not filed a responsive pleading to the complaint, and either have not had default entered against them or have not been dismissed from this action. *Id.* The Court ordered Plaintiff to brief certain issues based on its observations: (1) whether the Court may rule on the pending motion for summary judgment before the minor defendants are represented by a guardian ad litem and (2) whether the Court may rule on the pending motion for summary judgment if a number of defendants, who have been served and have not filed a responsive pleading to the complaint, have either not had default entered against them or have not been dismissed. *Id*. Plaintiff timely filed its response to the Court's April 29, 2022 Order. Doc. 113. The Court found

it could not determine whether the minor defendants' interests are adequately represented and protected, appointed a guardian ad litem to represent them, and directed the guardian ad litem to file under seal a report as to whether it is in the interest of the minor defendants to defend this action. Doc. 114. Further, the Court found Plaintiff is not precluded from moving for summary judgment when a party has been properly served and has failed to appear or otherwise defend the action. *Id.* The guardian ad litem timely filed his report in which he determined it would not be in the interests of the minor defendants to defend this action.

As of the date of this memorandum opinion and order, a response to the motion for summary judgment has not been filed by any of the remaining defendants. The Court finds oral argument unnecessary to resolve the issues that are raised in the motion for summary judgment, and therefore, the motion for summary judgment is ripe for adjudication.

## II.     STANDARD OF REVIEW

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a), (b). Summary judgment is appropriate when the moving party establishes there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see also Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) ("Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *see also Ritchey v. S. Nuclear Operating Co.,* 423 F. App'x 955 (11th Cir. 2011) (quoting *Anderson*, 477

U.S. at 248, 106 S. Ct. at 2510).[2] At the summary judgment juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. Only disputes about the material facts will preclude the granting of summary judgment. *Id.*

The movant bears the initial burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

Once the movant meets its burden under Fed. R. Civ. P. 56, the non-movant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). "A genuine issue of material fact exists when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Moore ex rel. Moore v.*

---

[2] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

*Reese*, 637 F.3d 1220, 1232 (11th Cir. 2011) (quoting *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510). The court must view the facts and draw all reasonable inferences in favor of the non-moving party. *Id*. (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)); *Greenberg*, 498 F.3d at 1265 ("We view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion."). However, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S. Ct. at 1356 (citations omitted). Conclusory assertions, unsupported by specific facts, that are presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990). "Speculation does not create a *genuine* issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50, 106 S. Ct. at 2511 (emphasis in original) (citations omitted). In short, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing that is sufficient to establish the existence of an element that is essential to that party's case. *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

### III.   DISCUSSION AND ANALYSIS

Plaintiff argues it is entitled to summary judgment because there is not an issue of material fact that Tre'von Wilson was not an insured as defined in the Policy and was not a listed driver on the Policy at the time of the subject automobile accident. Doc. 110-1 at 7-8. Specifically, Plaintiff argues liability coverage, uninsured motorist coverage, and coverage for damage to the insured automobile under the Policy are not available because Tre'von Wilson was not an insured, as

defined by the Policy, because, at the time of the subject automobile accident, he was under the age of twenty-five (25) and was not listed on the Policy as a driver. *Id.* at 8-14.

> A federal court sitting in diversity, as in this case, must apply the choice of law principle of the state in which it sits. In determining which state's law applies in a contract dispute, Alabama follows the principle of *lex loci contractus*, applying the law of the state where the contract was formed. *Cherokee Ins. Co., Inc. v. Sanches*, 975 So. 2d 287, 292 (Ala. 2007).

*St. Paul Fire & Marine Ins. Co. v. ERA Oxford Realty Co. Greystone, LLC*, 572 F.3d 893, 894 n.1 (11th Cir. 2009). Here, the Policy is an Alabama insurance policy, so Alabama's substantive law applies. Doc. 110-4.

> It is well established . . . that when doubt exists as to whether coverage is provided under an insurance policy, the language used by the insurer must be construed for the benefit of the insured. Likewise, when ambiguity exists in the language of an exclusion, the exclusion will be construed so as to limit the exclusion to the narrowest application reasonable under the wording. *Guar. Nat'l Ins. Co. v. Marshall Cnty. Bd. of Educ.*, 540 So. 2d 745 (Ala. 1989). However, it is equally well settled that in the absence of statutory provision to the contrary, insurers have the right to limit their liability by writing policies with narrow coverage. If there is no ambiguity, courts must enforce insurance contracts as written and cannot defeat express provisions in a policy, including exclusions from coverage, by making a new contract for the parties. *Johnson v. Allstate Ins. Co.*, 505 So. 2d 362 (Ala. 1987).

*Porterfield v. Audubon Indem. Co.*, 856 So. 2d 789, 800 (Ala. 2002) (quoting *St. Paul Mercury Ins. Co. v. Chilton-Shelby Mental Health Ctr.*, 595 So. 2d 1375, 1377 (Ala. 1992)).

The Court finds the terms of the Policy unambiguous. In the Policy, liability coverage, uninsured motorist coverage, and coverage for damage to the insured automobile are not provided for a driver who is not listed on the Policy and is under the age of twenty-five (25). Doc. 110-4 at 14, 22, 25. The Policy was effective at the time of the underlying automobile accident. Doc. 110-4 at 3. Tre'von Wilson operated the vehicle that was insured by the Policy when the vehicle was involved in the underlying automobile accident, and when the accident occurred, he was not listed as a driver on the Policy and was under the age of twenty-five. Docs. 110-3, 110-4, 110-5.

Therefore, the Court finds Plaintiff is not obligated to defend or indemnify either Tre'von Wilson or Vanderlisa Rosser for any and all claims that arose from the underlying automobile accident that occurred on May 30, 2020.

Since the Court has ruled on the merits of this action, judgment may be entered against those defendants who remain in this action. This includes those non-minor defendants who were served and did not file a responsive pleading to the complaint, and have either not had default entered against them or have not been dismissed; those non-minor defendants against whom default was entered; and the three minor defendants. For those non-minor defendants who were served and did not file a responsive pleading to the complaint, and have either not had default entered against them or have not been dismissed, the Court finds summary judgment may be entered against them in this matter. For those non-minor defendants against whom default has been entered, the Court finds it appropriate to enter default judgment against them in this matter. Finally, based on the guardian ad litem's report, the Court finds it would not be in the interests of the minor defendants to defend this action and it is appropriate to enter default judgment against the two who have been declared in default and summary judgment against the other.

## IV.   CONCLUSION

Accordingly, Plaintiff First Acceptance Insurance Company, Inc.'s Motion for Summary Judgment (Doc. 110) is **GRANTED**, and default judgment is entered against the defendants who were previously found in default. Final judgment pursuant to Fed. R. Civ. P. 58 will issue separately after the Guardian Ad Litem fees are resolved.

**DONE** and **ORDERED** this 28th day of July 2022.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE